Filed 3/4/25  P. v. Chacon CA4/3

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>GABRIEL CHACON,<br><br>    Defendant and Appellant. | G065214<br><br>(Super. Ct. No. 05CF2563)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Terri K. Flynn-Peister, Judge. Affirmed.

Robert L. Hernandez, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Arlene A. Sevidal, Assistant Attorney General,

Christopher P. Beesley, Deputy Attorney General, for Plaintiff and Respondent.

\*          \*          \*

Defendant Gabriel Chacon is serving a prison sentence of 40 years to life for a murder committed when he was 17 years old. Chacon sought resentencing pursuant to Penal Code section 1170, subdivision (d)(1)(A).[1] We affirm the trial court's denial of Chacon's resentencing petition because he is not serving the functional equivalent of a sentence of life without the possibility of parole (LWOP). The trial court properly considered (1) Chacon's sentence, age, life expectancy, and parole date, and (2) his entitlement to a youth offender parole hearing under section 3051. We therefore affirm the trial court's postjudgment order.

FACTUAL AND PROCEDURAL BACKGROUND

In August 2005, Chacon, who was 17 years old at the time, murdered Levaai Tauanuu by shooting him six times in the back and the face. Chacon fled the scene, abandoned his gun in a dumpster, and left the United States for Mexico. A jury convicted Chacon of second degree murder (§ 187, subd. (a)) and found true sentencing enhancements that Chacon personally used a firearm and intentionally and personally discharged a firearm causing the victim's death (§§ 12022.5, subd. (a), 12022.53, subd. (d)). The trial court sentenced Chacon to a prison term of 40 years to life—15 years to life for murder, plus 25 years to life (consecutive) for causing great bodily injury with a firearm.

In January 2025, Chacon filed a petition for resentencing under section 1170, subdivision (d)(1). The trial court denied the petition:

---

[1] All further statutory references are to the Penal Code.

2

"Petitioner is statutorily ineligible to seek relief. Penal Code section 1170[, subdivision ](d)(1)(A) provides, 'When a defendant who was under 18 years of age at the time of the commission of the offense for which the defendant was sentenced to imprisonment for life without the possibility of parole has been incarcerated for at least 15 years, the defendant may submit to the sentencing court a petition for recall and resentencing.' Petitioner was sentenced to 40 years to life in state prison. Petitioner was not sentenced to life without the possibility of parole or the functional equivalent pursuant to *People v. Heard* (2022) 83 Cal.App.5th 608. 'By definition, a functionally equivalent LWOP sentence includes a parole eligibility date that falls outside the offender's natural life expectancy.' (*People v. Sorto* (2024) 104 Cal.App.5th 435, 451.) (See also, *People v. Contreras* (2018) 4 Cal.5th 349, 369 [a 50 year to life sentence is functionally equivalent to LWOP].) The Court has considered petitioner's sentence, age, natural life expectancy, and parole eligibility date, notwithstanding his eventual Youth Offender Parole Hearing pursuant to Penal Code section 3051, and finds that petitioner does not meet the requirements for relief consideration under Penal Code section 1170[, subdivision ](d)."

Chacon filed a timely notice of appeal.

DISCUSSION

"When a defendant who was under 18 years of age at the time of the commission of the offense for which the defendant was sentenced to imprisonment for life without the possibility of parole has been incarcerated for at least 15 years, the defendant may submit to the sentencing court a petition for recall and resentencing." (§ 1170, subd. (d)(1)(A).) Section 1170, subdivision (d), has been held to apply to incarcerated petitioners whose sentence is the "functional equivalent" of an LWOP sentence. (*People v.*

3

*Heard* (2022) 83 Cal.App.5th 608, 612.) The question presented here is whether Chacon's 40-years-to-life sentence is the functional equivalent of an LWOP sentence.

"The proper interpretation of a statute is a question of law subject to de novo review. [Citation.] When the trial court applies its factual findings under a statute, we review the factual findings for substantial evidence; but the interpretation and application of the statute to those factual findings is a question of law subject to de novo review. [Citations.] [¶] "'[A]n order is presumed correct; all intendments are indulged in to support it on matters as to which the record is silent, and error must be affirmatively shown.'" [Citation.] In addition, we must "'view the record in the light most favorable to the trial court's ruling.'"" [Citation.]" (*People v. Harring* (2021) 69 Cal.App.5th 483, 495.)

Chacon was born in 1988. His 40-years-to-life sentence began in 2009, meaning he will become eligible for parole in 2049, when he is 61 years old. In *People v. Munoz* (2025) 110 Cal.App.5th 499, review granted June 25, 2025, S290828, the appellate court concluded that the defendant would "have a realistic opportunity to obtain release from prison during his expected lifetime," given that he would be 65 years old when he became eligible for parole. (*Id.* at p. 508.) In *People v. Baldwin* (2025) 113 Cal.App.5th 978, the court rejected a claim that a sentence of 44 years to life was the functional equivalent of LWOP: "A term of years that offers parole eligibility at 60 years of age is not a sentence that guarantees death in prison, like LWOP" or like sentences of more than 100 years to life. (*Id.* at p. 1004.)

Additionally, Chacon is subject to section 3051, subdivision (b)(3), which provides: "A person who was convicted of a controlling offense that was committed when the person was 25 years of age or younger and for which the

4

sentence is a life term of 25 years to life shall be eligible for release on parole at a youth offender parole hearing during the person's 25th year of incarceration."

"The requirement of a youth offender parole hearing moots a juvenile defendant's constitutional claim that he is serving a sentence that is the functional equivalent of LWOP." (*People v. Ortega* (2025) 111 Cal.App.5th 1252, 1260, review granted Sep. 17, 2025, S292070; see *People v. Franklin* (2016) 63 Cal.4th 261, 268 (*Franklin*).)

We conclude the trial court did not err in denying Chacon resentencing under section 1170, subdivision (d)(1)(A), because he is not serving the functional equivalent of an LWOP sentence.

Under *Franklin*, Chacon is entitled to an evidentiary hearing at which he "may place on the record any documents, evaluations, or testimony (subject to cross-examination) that may be relevant at his eventual youth offender parole hearing, and the prosecution likewise may put on the record any evidence that demonstrates the juvenile offender's culpability or cognitive maturity, or otherwise bears on the influence of youth-related factors. The goal of any such proceeding is to provide an opportunity for the parties to make an accurate record of the juvenile offender's characteristics and circumstances at the time of the offense so that the Board [of Parole Hearings], years later, may properly discharge its obligation to 'give great weight to' youth-related factors [citation] in determining whether the offender is 'fit to rejoin society' despite having committed a serious crime 'while he was a child in the eyes of the law' [citation]." (*Franklin, supra,* 63 Cal.4th at p. 284.) Before the present petition was filed, the trial court had scheduled a *Franklin* hearing for Chacon. If that hearing has not already

occurred, the trial court shall schedule it as soon as possible after issuance of the remittitur.

DISPOSITION

The postjudgment order is affirmed. The matter is remanded to the trial court to conduct an evidentiary hearing under *People v. Franklin* (2016) 63 Cal.4th 261, if such hearing has not already been conducted.


BANCROFT, J.*

WE CONCUR:


DELANEY, ACTING P. J.


SCOTT, J.

*Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.